IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERTO CARRILLO-BASTIDA,

    Petitioner,

v.                                No. CV 11-0746 BB/LAM

LEE VAUGHN, WARDEN OF CCA,

    Respondent,

MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court, *sua sponte* under 28 U.S.C. § 2254 R. 1(b), 4, on Petitioner's Memorandum Of Law To A Writ Of Habeas Corpus, 28 U.S.C. § 2241 (the "petition") and his Application To Proceed In District Court Without Prepaying Fees And Costs (Doc. 2).  Petitioner, who is not an American citizen, is confined in a New Mexico prison serving a sentence imposed by the United States District Court for the District of Arizona in 2010.  He asserts that both his conviction and his sentence are illegal.  The petition alleges that Petitioner is actually innocent of the charged offense and a prior conviction did not qualify as an aggravated felony for purposes of sentencing enhancement.  The Court will dismiss the petition.

The Court must dismiss this § 2241 petition because the terms of § 2255 provide the exclusive avenue for attacking a federal criminal conviction and sentence.  *See Baker v. Sheriff of Santa Fe County*, 477 F.2d 118, 119 (10th Cir. 1973); *Williams v. United States*, 323 F.2d 672, 673 (10th Cir. 1963) ("[§ 2255] supplants habeas corpus").[1]  Defendant's pro se characterization of his

---

[1] A writ of habeas corpus may be sought if § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and the writ of error coram nobis remains available to a defendant who is not in custody.  *See United States v. Hernandez*, 94 F.3d 606, 613 n.5 (10th Cir. 1996).

claims is not dispositive. *See Roman-Nose v. New Mexico Dep't of Human Services*, 967 F.2d 435, 436-37 (10th Cir. 1992); *United States v. Nelson*, 465 F.3d 1145, 1148 (10th Cir. 2006) ("It is the relief sought, not [the] pleading's title, that determines whether the pleading is a § 2255 motion."). The gravamen of this petition is that Petitioner is actually innocent and his sentence is illegal. These claims are expressly contemplated by § 2255; relief is available where "the sentence was imposed in violation of the Constitution or laws of the United States," § 2255(a), and such claims must be filed in the "court which imposed the sentence," *id.*

The Court rejects Petitioner's implicit assertion that § 2255 is "inadequate or ineffective," *Williams*, 323 F.2d at 673, and he should therefore be able to pursue relief under § 2241. First, his claim of actual innocence is unavailing. As the Court of Appeals for the Tenth Circuit stated very recently,

> In *Lorentsen*[ *v. Hood*, 223 F.3d 950, 954 (9th Cir. 2000)], the court stated that "a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relied [sic] under § 2255 is foreclosed." . . . [O]ur circuit has never adopted such a reading of the habeas statutes.

*Fulton v. Chester*, No. 11–3150, 2011 WL 3605853, at *3 (10th Cir. Aug 17, 2011). Under *Fulton* and its underlying precedents, Petitioner's claim of innocence is not cognizable under § 2241.

And second, this Court may not grant relief on Petitioner's claim that his sentence was partly based on a prior conviction that did not support the enhancement that the Arizona court imposed.

> [T]he Supreme Court has recently held that "[i]f . . . a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available . . . , then that defendant is without recourse." However, the fact that section 2255 is no longer available does not mean that the federal remedies available at one point were not adequate or effective, it merely means that [the defendant] did not pursue them in a timely manner.

2

*Braun v. Gallegos*, 58 F. App'x 781, 783 (10th Cir. 2002) (citations omitted).  Petitioner's pursuit of relief on his sentencing claim in this § 2241 petition does not warrant adjudication of the merits.  The petition will be dismissed with prejudice.  Nothing in this order is to be construed as precluding Petitioner from pursuing any remaining rights that may be available for attacking his conviction or sentence in the court that convicted him.

    IT IS THEREFORE ORDERED that Petitioner's Application To Proceed In District Court Without Prepaying Fees And Costs (Doc. 2) is GRANTED, and Petitioner may proceed without prepayment of costs or other fees or the necessity of giving security therefor;

    IT IS FURTHER ORDERED that Petitioner's Memorandum Of Law To A Writ Of Habeas Corpus, 28 U.S.C. § 2241, construed herein as a petition for writ of habeas corpus under 28 U.S.C. § 2241, is DISMISSED with prejudice; and judgment will be entered.

                              */s/ Bruce D. Black*
                              UNITED STATES DISTRICT JUDGE